UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHENGSHENG CHEN,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, et al.,<br><br>Respondents. | No. 1:26-cv-00798-DAD-AC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND GRANTING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 11, 12) |

On January 30, 2026, petitioner filed an initial motion for temporary restraining order. (Doc No. 2.) On February 3, 2026, the court granted the motion for temporary restraining order in part, ordering that petitioner be provided with a bond hearing. (Doc. No. 10.) On March 10, 2026, petitioner filed an additional motion for temporary restraining order requesting release from detention. (Doc. No. 11.) That same day, the court issued an order to show cause directing respondent to address: "(1) why petitioner and petitioner's counsel were not provided notice of the February 9, 2026 bond hearing ordered by this court; (2) why the immigration judge found in the February 25, 2026 order that petitioner was not a member of the *Bautista* class despite this court's order finding that he was; and (3) why respondents did not disclose to this court that petitioner was 'apprehended at the border' if that be the case." (Doc. No. 12 at 2.)

/////

1

On March 12, 2026, respondents filed a response to the court's order to show cause. (Doc. No. 13.)  Therein, respondents state that (1) petitioner's counsel did receive advance notice of the February 9, 2026 bond hearing; (2) the *Bautista* court's declaratory judgment purporting to grant relief that at its core sounds in habeas is a legal nullity outside that District; and (3) respondent does not contest petitioner's allegation that when he entered the United States on or about May 16, 2023, he was encountered by U.S. Border Patrol and was released and issued a Notice to Appear.  (Doc. No. 12 at 1–8.)  This latter point clarifies what was unclear to the court when it issued its February 3, 2026 minute order–that petitioner had been detained and released by immigration officials on May 16, 2023.  Because petitioner had been previously detained and released, the court now finds that pursuant to its decision in *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), petitioner is entitled to immediate release from custody rather than merely being provided with a bond hearing.

In light of respondents' response, the court will discharge the order to show cause and grant petitioner's additional motion for temporary restraining order.

Accordingly:

1. The order to show cause issued on March 10, 2026 (Doc. No. 12) is DISCHARGED;

2. Petitioner's motion for temporary restraining order (Doc. No. 11) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody on the same conditions he was subject to immediately prior to his December 18, 2025 re-detention;

    b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge where respondents will have the burden of demonstrating a change in circumstances justifying petitioner's re-detention;

/////

3.      Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

4.      The parties are directed to meet and confer and, if possible, submit a joint proposed briefing schedule and hearing date with respect to any motion for a preliminary injunction no later than fourteen (14) days from the date of entry of this order.

IT IS SO ORDERED.

Dated:    **March 16, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE